**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALCRESTA THERAPEUTICS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX M. AZAR II, Secretary of Health<br>and Human Services,<br><br>Defendant. | Civil Action No. 18-243 (TJK) |

**UNOPPOSED MOTION OF THE
ADVANCED MEDICAL TECHNOLOGY ASSOCIATION
FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS**

Pursuant to Local Civil Rule 7(o), the Advanced Medical Technology Association (AdvaMed) respectfully requests leave to file an amicus curiae brief in support of Plaintiffs' Motion for Summary Judgment, ECF No. 87. Good cause exists to grant the requested relief, in support of which AdvaMed states as follows:

1.      AdvaMed is the world's largest medical technology association, with over 400 member companies that develop medical devices, diagnostic tools, and health-information systems. AdvaMed's members span every field of medical science and range from cutting-edge startups to multinational manufacturers, all dedicated to advancing clinician and patient access to safe, effective medical technologies in accordance with the highest ethical standards. The innovations created by AdvaMed's members advance efficiency in health care through earlier disease detection and more effective treatments, which, in turn, reduce the economic burden of disease and allow people to live longer, healthier, and more productive lives.

2.      AdvaMed and its members have a substantial interest in the process used by the Centers for Medicare & Medicaid Services (CMS) for establishing Level II codes under the

Healthcare Common Procedure Coding System (HCPCS), the legality of which has been challenged in this action. AdvaMed has long advocated for CMS to reform the HCPCS Level II coding process in order to ensure that patients throughout the United States—regardless of whether they receive items and services under federal health care programs such as Medicare, state-federal health care programs such as Medicaid, or private health insurance—receive the multiple benefits of new medical technologies. For example, AdvaMed has repeatedly asked CMS to increase transparency in the HCPCS Level II coding process, which relies on a secretive workgroup comprised of employees of federal agencies including CMS, state Medicaid employees, and individuals employed by private insurance companies. AdvaMed has also asked CMS to provide sufficient explanations to applicants that are denied HCPCS Level II codes to allow such applicants to rectify any deficiencies during the limited annual window in which subsequent applications may be filed. As described more fully in the proposed amicus brief submitted as Exhibit 1, consideration of AdvaMed's amicus brief would be desirable because it would provide an industry-wide perspective on the HCPCS Level II coding process and explain why litigation challenging the process's multiple defects has not been pursued previously.

3.      In accordance with Local Civil Rule 7(o)(2), on November 12, 2018, undersigned counsel advised counsel for the parties of AdvaMed's intent to seek this Court's permission on or before December 6, 2018, to submit an amicus brief in support of Plaintiffs' Motion for Summary Judgment due to be filed on or before November 29, 2018. Counsel for the parties promptly advised the undersigned that they did not oppose AdvaMed's request.

WHEREFORE, the Court should grant AdvaMed permission to submit an amicus brief in this case. In accordance with Local Civil Rule 7(o)(2), a proposed order granting the requested relief is submitted as Exhibit 2.

Dated: December 6, 2018

Respectfully submitted,

REED SMITH LLP

By:  /s/ James F. Segroves
James F. Segroves (DC Bar No. 480630)
1301 K Street, NW
Suite 1000 - East Tower
Washington, DC 20005-3373
202.414.9200 (phone)
202.414.9299 (fax)
jsegroves@reedsmith.com

*Counsel for Proposed Amicus Curiae*
*Advanced Medical Technology Association*

- 3 -